### P. D. HARDY, District Attorney, *v.* H. F. VOORHIES, Sheriff.

The District Courts out of the parish of Orleans have neither appellate nor original jurisdiction in the trial of slaves accused of crimes or offences, nor can they interfere for the purpose of carrying into effect the sentence of the tribunal established by law for their trial.

APPEAL from the District Court of the Parish of Lafayette, *Martel, J.*

P. D. *Hardy,* in pro. per.   *Deblanc & Fuselier* and *E. Mouton,* for defendant and appellant.

VOORHIES, J.   The slave, *Modeste,* the property of *Mrs. E. Messonier,* was tried for the murder of her mistress, found guilty by a special tribunal organized under the statute of the 19th of March, 1857, and ordered to be executed, by the following sentence, to-wit:

"Whereas the slaves, *Modeste* and *Joseph,* have been duly arrested, on the charge of having feloniously killed and murdered their mistress, *Elise Messonier,* in the town of Vermillionville, parish of Lafayette, on the 30th day of May, 1858, and whereas they have been brought before us, the undersigned, Justices of the Peace in and for the parish aforesaid, to answer to said charge, and after an impartial trial have, by us the undersigned Justices of the Peace, and a jury of ten slave-holders, duly summoned from the body of the parish aforesaid, been unanimously found and adjudged guilty of the felony and murder aforesaid: now, therefore, it is considered by the said court here, that the said slave, *Joseph,* be taken to the common Jail of said parish by the Sheriff thereof, and on Tuesday, the 15th day of the present month of June, 1858, in front of said jail, be hanged by the neck until dead; and that the slave, *Modeste,* be also hanged by the neck until she be dead, at the same place, fifteen days after she has brought forth her child, she being now pregnant."

The death warrant placed in the hands of the Sheriff states that:

"Whereas the slave, *Modeste,* has this day received sentence of death · for the crime of murder, whereof she was found guilty according to the statute, made and provided in such cases: these are, therefore, in the name of the State of Louisiana, to command that, in pursuance of said sentence, you take the slave into custody, and her safely keep and confine in the common Jail of the Parish of St. Landry, until fifteen days after she has brought forth her child, she being now preg·nant; when, you are further ordered, between the hours of nine and four o'clock of that day, to do execution on said slave, *Modeste,* in front of the Jail of the parish of Lafayette, by hanging her by the neck until she be dead."

· Over a year having elapsed since this sentence was passed and the warrant placed in the hands of the Sheriff, the District Attorney called upon the latter to proceed to execute the culprit. This request not being complied with, the former

instituted proceedings before the District Court, with the view of carrying the sentence into execution. Counsel were appointed to represent the slave, *Modeste,* in these proceedings, and the Sheriff made a party. After an investigation of the case, the District Judge decreed that the Sheriff should proceed to fix a day for the execution of the slave, *Modeste,* and proceed to execute the warrant in every other particular.

The refusal of the Sheriff to comply with the request of the District Attorney, and the objection raised by the counsel of the slave, to the right of the State to proceed with the execution, are based upon the fact that the sentence provides for the hanging of the convict only fifteen days after she will have given birth to a child, she being pregnant at the date of the trial; whilst on the other hand, it is contended on behalf of the prisoner, that this condition has never been fulfilled.

It is not necessary, however, to pass on the merits of this controversy, as discussed in the briefs furnished by counsel. The District Court was, in our opinion, without jurisdiction in this matter. The remedy of the State possibly might be, to apply either to the Governor, or to the Justices who had presided in the case, for the purpose of having a day fixed for the execution. *State* v. *Jonas,* 6 An. 695; *J. R. McDowell* v. *John W. Couch,* ibid, p. 365; *State* v. *Jerry,* 3 An. 576; *State* v. *Oscar,* 297.

The District Courts have no jurisdiction, either original or appellate, for the trial of slaves accused of crimes and offences, except in the parish of Orleans by special Act. In the State at large, the only tribunals vested with jurisdiction in such cases, are those created by the Act of the 19th of March, 1857. An appeal lies directly from these tribunals to the Supreme Court, in the same manner and in the same instances as in appeals from the District Courts. An appeal from the Magistrates' Court to the District Court would not lie in criminal proceedings against slaves; the interference of the latter, even for the purpose of carrying into effect the sentence of the former tribunal, is, consequently, unwarranted in law.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; and that the motion for a *mandamus* be discharged.